

**IT IS ORDERED as set forth below:**

**Date: January 17, 2017**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE: | |
| KATHY ELAINE VINES, Debtor. | CASE NO. 16-41808-PWB |
| KATHY ELAINE VINES, | CHAPTER 13 |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 16-4045-PWB |
| NAVIENT SOLUTIONS, INC., a Delaware Corporation, SLC CONDUIT I LLC, a Delaware Limited Liability Corporation, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| Defendants. | |

ORDER

Kathy Elaine Vines, a Chapter 13 debtor, filed a complaint to determine dischargeability of her student loan debt on August 10, 2016. Educational Credit Management Corporation ("ECMC") seeks dismissal of this action without prejudice on the ground that the issue of dischargeability is not ripe until she completes payments under her chapter 13 plan.

The Bankruptcy Code provides that student loan debt is not dischargeable unless the nondischargeability "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

In order to establish "undue hardship," a debtor must show "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Hemar Ins. Corp . v. Cox (In re Cox)*, 338 F.3d 1238, 1241 (11th Cir. 2003) (quoting and adopting the test set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987)).

ECMC contends that the dischargeability of the debt is not "ripe" for review and, therefore, should be dismissed until the Debtor completes her chapter 13 plan payments.

Ripeness has two components: constitutional ripeness and prudential ripeness. *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir. 1984). The determination of constitutional ripeness "goes to whether the district court had subject matter jurisdiction to hear the case." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997). This is

2

because Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies."

Even if a court has jurisdiction, prudential ripeness requires consideration of whether a court, in its discretion, should consider the matter at that time. Thus, courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995).

A bankruptcy court may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b)(1). A dischargeability action is a core proceeding. 28 U.S.C. § 157(b)(2)(I). A student loan dischargeability action may be brought at any time. FED. R. BANKR. P. 4007(b). This is true whether the debtor files a petition under chapter 7 or chapter 13. For these reasons, a dischargeability action under § 523(a)(8) satisfies the constitutional ripeness standard. *See Cassim v. Educational Credit Mgmt. Corp. (In re Cassim)*, 594 F.3d 432 (6th Cir. 2010) (challenging only constitutional ripeness); *Educational Credit Mgmt. Corp. v. Coleman (In re Coleman)*, 560 F.3d 1000 (9th Cir. 2009).[1]

Notwithstanding the existence of constitutional ripeness, considerations of prudential ripeness are particularly relevant in the chapter 13 context. In a chapter 13 case, a debtor's discharge is contingent on the completion of payments under the plan which often takes three

---

[1] ECMC relies on *Bender v. Educational Credit Mgmt. Corp. (In re Bender)*, 368 F.3d 846 (8th Cir. 2004), for the proposition that a student loan dischargeability action is not ripe in a chapter 13 case until completion of chapter 13 plan payments. *Bender*, however, did not identify whether its conclusion that the issue was not ripe was based upon considerations of constitutional ripeness or prudential ripeness.

3

to five years. Coupled with the forward-looking nature of prong two of the undue hardship test, this suggests, but does not require, the conclusion that a determination of dischargeability is best made near the end of a chapter 13 case.

Ms. Vines has not filed a response to ECMC's motion. In the absence of any showing by her that the Court should now proceed with determination of dischargeability, the Court will exercise its discretion to postpone the determination until completion of her chapter 13 plan payments. Accordingly, it is

ORDERED that ECMC's motion to dismiss is granted without prejudice to the Debtor's right to refile a complaint to determine dischargeability of the student loan debts until completion of her chapter 13 plan payments is imminent.

**END OF ORDER**

## DISTRIBUTION LIST

Thomas W. Joyce
Jones, Cork & Miller LLP
435 Second Street
P. O. Box 6437
Macon, GA 31208-6437

Jeffrey B. Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161

Kathy Elaine Vines
804 Shannon Circle NE
Rome, GA 30161